## National Novelty Co., Inc., v. Zuvich

*Bailey & Rupp,* for plaintiff.

*Compton, Handler & Berman,* for defendant.

SOHN, J., May 19, 1958.—In this case plaintiff has filed a suit in assumpsit for $270.22, with interest, which sum allegedly represents a loss of profits to plaintiff, caused by defendant's breach of a cigarette vending machine contract. Under the terms of the contract, plaintiff had installed in defendant's cafe a cigarette vending machine, which was to have remained there

"on location" until the sum of $200, which plaintiff had advanced to defendant, would have been absorbed at the rate of two cents a pack. Plaintiff claims that defendant breached the contract by removing the machine to a part of his premises which was not accessible to his patrons and customers. The $200 admittedly has been paid back to plaintiff.

In the complaint plaintiff says that he would have made a net profit of 2.893c on each pack of cigarettes sold through the machine. The sum of $270.22 is arrived at by multiplying 2.893c by 9,608, the number of packs of cigarettes remaining to be sold under the contract at the time of the breach, and subtracting $7.84, the amount due defendant under the contract for 392 packs which had been sold prior to the breach.

Defendant has filed a preliminary objection in the nature of a motion for a more specific complaint showing how the net profit figure of 2.893c is computed.

Defendant in his preliminary objection avers that he has no way of ascertaining from the complaint if plaintiff's method of computation of his net profit is a reasonable and proper one. In 3 Standard Pa. Practice §48, p. 168, and the cases therein cited, we find the following:

"Both under the Practice Act of 1915 and under the Rules of Civil Procedure Pennsylvania courts have uniformly held that *there must be a degree of particularity to which the facts of the case are reasonably susceptible* to enable the other party intelligently to prepare for trial. General allegations of indebtedness, lumping charges and gross sums intended to cover and include different kinds and amounts of losses and damages, are not sufficient; the complaint should, whenever possible, show how the items of damage claimed are ascertained, so that defendant may file a responsive answer. *This is particularly true in actions of assumpsit* and, to a limited scope, in actions of

trespass. In many cases the rule is laid down that a complaint which does not so separate and itemize the several elements of the plaintiff's claim as to inform the defendant of their precise nature and extent is fatally defective and may be stricken." (Italics supplied.)

In the case of The Standard Electric Time Company v. Davis, 32 Dauph. 149 (1928), we have a decision of our own court upon this very question. There it is held that the complaint should show how items of damage claimed are ascertained.

Again, in Sprecker v. Minutola, 70 D. & C. 595, 596, our own court stated:

". . . The defendant is entitled to a more specific pleading if the complaint is not . . . sufficiently clear to enable said defendant to prepare his defense so as to meet the allegations of the complaint at the time of the trial . . ."

In Lyons v. Eagles Corp., 11 Lawrence 114 (1952), President Judge Braham of the Lawrence County Court discusses the use of either a more specific complaint or discovery where both were available. This particular case involved a preliminary objection asking for a more specific complaint which would name the persons to whom defendant allegedly sold liquor, causing them to become intoxicated, consequently injuring plaintiff. At pages 115 and 116, Judge Braham said:

"The purposes of pleading are two: to acquaint the adversary with the claim against him and to limit the inquiry at trial to those essential matters which are in dispute. In Pennsylvania we have fact pleadings in contrast, to the practice in the Federal courts and in many states where notice pleadings are used. Where notice pleading is employed depositions must be resorted to in order to supplement the information contained in the pleadings: 1 Goodrich-Amram Rule 1017-1.

"On June 1, 1951, the Supreme Court made effective new rules of civil procedure governing depositions and discovery. They are Rules 4001-4025 inclusive. It is clear from the rules, and particularly Rule 4007, that defendant can compel plaintiff to disclose the names of the persons alleged to be intoxicated, the selling of liquor to whom is alleged to have caused plaintiff's damage.

"If the merits of fact pleading are to be preserved it is obvious that the courts should refrain from a rigid limitation of pleadings which will force the parties to depositions in all cases."

In Peluso v. Umberto Primo, 14 Lawrence 85, 87 (1955), Judge Braham again referred to his discussion in the Lyons case which we have just quoted. There he says:

"Plaintiff might as well disclose it in this pleading and perhaps avoid the necessity for discovery. . . ."

We do not believe that it is unreasonable on the part of defendant to require plaintiff to plead just how his net profit figure has been computed. Defendant here is the proprietor of a cafe, while plaintiff is engaged in the vending machine business. Presumably, plaintiff has far more knowledge of how his profits are arrived at than defendant has. Defendant is entitled to know just how the net profit figure is reached, so that he can then be advised in advance of trial and be prepared to file his answer thereto showing whether or not the net profit sued for is a reasonable and proper profit. We, therefore, make the following

## Order

And now, May 19, 1958, defendant's preliminary objection in the form of a motion for a more specific complaint is hereby sustained. Plaintiff is directed to file a more specific complaint showing just how its net profit is arrived at. This amended complaint must be filed within 20 days of the date of this opinion.